IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02787-KLM

LAURAL O'DOWD, for herself and all others similarly situated,

      Plaintiff,

v.

ANTHEM HEALTH PLANS, INC., doing business as Anthem Blue Cross and Blue Shield,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., doing business as
Anthem Blue Cross and Blue Shield, and
WELLPOINT, INC.,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on Defendant Rocky Mountain Hospital and Medical

Service, Inc. d/b/a Anthem Blue Cross and Blue Shield's ("Anthem") **Motion to Dismiss**

**Amended Complaint in Part** [#29][2] (the "Motion").  Plaintiff filed a Response [#33] and

Defendant Anthem filed a Reply [#34] in further support of the Motion.  The Court has

reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law,

and is sufficiently advised in the premises.  For the reasons set forth below, the Motion

[#29] is **GRANTED in part** and **DENIED in part**.

---

[1]  The parties consented to proceed before the undersigned for all proceedings pursuant
to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See generally Consent Form* [#21].

[2]  [#29] is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use
this convention throughout this Order.

## I.  Background

### A.    This Action

Plaintiff[3] asserts four claims against Defendant Anthem relating to reimbursement provided by Anthem for psychiatric care under her medical insurance policy.  Plaintiff alleges that she was responsible for paying the charges associated with her out-of-network psychiatric care that exceeded the Maximum Allowable Amount paid by Defendant Anthem under the policy. *Am. Compl.* [#27] ¶ 16.  Plaintiff maintains that her husband also received care from a different out-of-network psychiatrist.[4] *Id.* ¶ 15.  Plaintiff alleges that the Maximum Allowable Amount for each of the two out-of-network doctors was not the same even though the two doctors provided the same psychiatric services as evidenced by the Current Procedural Terminology ("CPT") codes in their billings. *Id.* ¶¶ 17-20.  Plaintiff alleges that Defendant Anthem's "varying reimbursement rate was not based on quality or performance measures." *Id.* ¶ 20.  Plaintiff maintains that one of the out-of-network providers was incorrectly listed in Anthem's database as a primary care physician and that Defendant Anthem's "system of reimbursement results in different rates being applied to substantially identical services" when performed by a primary care physician or a psychiatrist. *Id.* ¶ 21.  In short, according to Plaintiff, "licensed mental health professionals are reimbursed at lower rates than professionals who are licensed to treat physical illness,

_____

[3] Plaintiff brings claims on behalf of herself and others similarly situated.  At this time, a class has not been certified, so the claims are analyzed as to Plaintiff only.

[4] Plaintiff never expressly alleges that her husband's care was covered by her insurance policy.  However, the allegations, taken as a whole, imply that Plaintiff and her husband both received care and sought coverage from Defendant Anthem under the same policy language. *See, e.g, Am. Compl.* [#27] ¶¶ 10, 14, 15.  In addition, Defendant does not argue that there are competing policies with different applicable language.

even though the latter are providing the same services . . . ." *Id.* § 31.  "These mental health professionals then balance bill their patients to make up for the lower reimbursement rate." *Id.*  As a result, Plaintiff brings the following claims against Defendant Anthem: (1) a claim seeking a declaratory judgment that Defendant Anthem violated Colo. Rev. Stat. §§ 10-16-704, 10-16-104, and 10-16-107.7; (2) a claim seeking injunctive relief under ERISA[5], specifically 29 U.S.C. § 1132(a)(3); (3) a claim for payment of benefits and associated interest under ERISA, specifically 29 U.S.C. § 1132(a)(1)(B); and (4) a breach of fiduciary duty claim that mentions 29 U.S.C. §§ 1002 and 1104.  *Id.* §§ 41-68.

**B.   The Motion**

In the Motion, Defendant Anthem argues that Plaintiff's second and fourth claims should be dismissed in their entirety and that the first and third claims are subject to dismissal in part.  *Motion* [#29] at 1-3.  With regard to Plaintiff's second claim, Defendant Anthem argues that this claim must be dismissed because (1) 29 U.S.C. § 1132(a)(1)(B) provides the exclusive remedy for Plaintiff's claim and (2) this claim is based on an alleged violation of Colo. Rev. Stat. § 10-16-104(7), which was repealed effective January 1, 2014. *Id.* at 8-9.  With regard to Plaintiff's fourth claim, Defendant Anthem argues that this claim is subject to dismissal because (1) it is duplicative of Plaintiff's second claim, (2) it fails to set forth colorable allegations of harm to the plan itself, and (3) Plaintiff does not allege that Defendant Anthem has discretion in determining reimbursement amounts for mental health services.  *Id.* at 9-13.  Defendant Anthem avers that all of Plaintiff's claims should be dismissed to the extent they are based on alleged violations of Colo. Rev. Stat. § 10-16-104

---

[5] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.*

and Colo. Rev. Stat. § 10-16-704. *Id.* at 13-14. Defendant Anthem further argues that Plaintiff's first claim should be dismissed to the extent it is brought under any law other than 29 U.S.C. § 1132(a)(1)(B) because this statute provides Plaintiff's exclusive remedy for the alleged harm. *Id.* at 15-16.

In the Response, Plaintiff maintains that Defendant Anthem's argument that 29 U.S.C. § 1132(a)(1)(B) provides the exclusive remedy for her claims and that therefore her second and fourth claims should be dismissed would unfairly prejudice her. *Response* [#33] at 3-4. Specifically, Plaintiff maintains that "it is possible that there may be a determination on the merits that § 1132(a)(1)(B) does not provide relief in this case" and, as a result, "Plaintiff would be unable to seek equitable relief if the § 1132(a)(3) claim is prematurely dismissed . . . ." *Id.* at 4. Plaintiff avers that "it is premature to dismiss adequately pled claims seeking alternative forms of relief." *Id.* at 5. Plaintiff also argues at length that 29 U.S.C. § 1132(a)(3) "includes those forms of relief that were traditionally available in equity," and that she should therefore be able to pursue injunctive relief. *Id.* at 5-8. Plaintiff next argues that even if Colo. Rev. Stat. § 10-16-104(7) was repealed, "the legislature provided that existing plans remained subject to all preexisting provisions, including" Colo. Rev. Stat. § 10-16-104(7). *Id.* at 9; *id.* at 10-12 (discussing mootness of controversy). With regard to Colo. Rev. Stat. § 10-16-107.7, Plaintiff argues that this statute only allows reimbursement rates to vary among medical providers based on quality or performance measures. *Id.* With regard to her second claim, Plaintiff further argues that she is not seeking identical relief under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3). *Id.* at 12. With regard to her fourth claim, Plaintiff avers that she has adequately stated a breach of fiduciary duty claim. *Id.* at 13-16. Finally, Plaintiff argues that her first claim should not

4

be dismissed in part, as argued by Defendant Anthem, because "the Colorado statutes at issue are not preempted." *Id.* at 16-17.   With regard to Defendant Anthem's argument that all claims are subject to dismissal to the extent that they are based on alleged violations of Colo. Rev. Stat. §§ 10-16-104 and 10-16-704, *Motion* [#29] at 13-14, Plaintiff states that she "is not seeking relief under [Colo. Rev. Stat.] § 10-16-704." *Response* [#33] at 16.

In its Reply, Defendant Anthem revisits its argument that Plaintiff's second claim is subject to dismissal because it is duplicative of her claim based on 29 U.S.C. § 1132(a)(1)(B) and provides additional legal support for its position.   *Reply* [#34] at 2-3. Defendant Anthem also distinguishes *CIGNA Corp. v. Amara*, 131 S.Ct. 1866 (2011), a case relied on by Plaintiff.   *Id.* at 3-4.   Defendant Anthem further argues that Plaintiff introduces a new theory of liability—unjust enrichment—in her Response that is not included in her Amended Complaint.   *Id.* at 5-7.   Defendant Anthem avers that Plaintiff's argument that she should be allowed to plead alternative bases for relief does not save her second claim because the claims are not alternative or inconsistent, but rather "entirely duplicative."   *Id.* at 7-8.   With regard to Plaintiff's argument that the repeal of Colo. Rev. Stat. § 10-16-104(7) does not moot her claim, Defendant Anthem maintains that "the new statute is not sufficiently similar to the repealed one to avoid mootness."   *Id.* at 9.   As a result, Defendant Anthem argues that Plaintiff's request for an injunction must be dismissed as moot.   *Id.*   Defendant Anthem further notes that the Amended Complaint "focuses on claims reimbursed prior to July 2012," which pre-dates the newly enacted statute, Colo. Rev. Stat. § 10-16-107.7, and that Plaintiff did not seek an injunction barring future violations of the new statute in her Amended Complaint.   *Id.* at 10.   Defendant Anthem then revisits its argument that Plaintiff's fourth claim for breach of fiduciary duty should be

dismissed for failure to state a claim. *Id.* at 10-14. Defendant Anthem further argues that "to the extent [it is] brought under 1132(a)(2)," this claim "fails because it is not brought on behalf of the plan." *Id.* at 14. Defendant Anthem then reiterates its argument that all of Plaintiff's claims should be dismissed in part to the extent they are premised on Colo. Rev. Stat. §§ 10-16-704 and 10-16-104(5.5(a)(1). *Id.* at 15-16. Finally, Defendant Anthem revisits its argument that Plaintiff's first claim should be dismissed to the extent it is brought under any law other than 29 U.S.C. § 1132(a)(1)(B) because this statute provides the exclusive remedy. *Id.* at 16-17.

## II. Jurisdiction

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## III. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v.*

*City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotation marks and citation omitted).

## IV.  Analysis

### A.    Second Claim

#### 1.    Whether Plaintiff's Second Claim is Duplicative of Her Third Claim

Defendant Anthem argues that Plaintiff's second claim for injunctive relief brought pursuant to 29 U.S.C. § 1132(a)(3) is subject to dismissal because it is duplicative of Plaintiff's third claim[6] brought under 29 U.S.C. § 1132(a)(1)(B), the provision which provides the "exclusive remedy" (according to Defendant Anthem).  *Motion* [#29] at 8-9.  The analysis of this issue is more nuanced than either party makes clear in the briefing.  In the summary judgment context, this Court has addressed the question of whether a plaintiff

---

[6]  The third claim seeks reimbursement of benefits denied or reduced as a result of Defendant Anthem's policies plus interest, fees, and costs.  *Am. Compl.* [#27] ¶¶ 59-60.  The second claim seeks injunctive relief and "a surcharge to compensate [Plaintiff] . . . for Defendants' violations."  *Id.* ¶¶ 48-49.  A "surcharge" is "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment."  *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1880 (2011) (citation omitted).  Importantly, the parties do not address whether recovery of a "surcharge" amounts to anything other than recovery of reimbursement for reduced benefits; hence, the degree of overlap between the remedy Plaintiff seeks in the third claim and the remedy she seeks in the second claim is unclear.

may bring a general claim under § 1132(a)(3) in addition to a more specific claim under § 1132(a)(1)(B) and concluded that a claim brought under § 1132(a)(3) is duplicative of a claim brought under  § 1132(a)(1)(B).  *See Philippus v. Aetna Life Ins. Co.*, No. 07-cv-02682-JLK-KLM, 2010 WL 3075485, at *6-7 (D. Colo. July 10, 2010) (analyzing summary judgment motion regarding ERISA claims and concluding that "[b]ecause the Complaint asserts a claim under 29 U.S.C. § 1132(c)(1)(B), Plaintiff is precluded from bringing an action pursuant to 29 U.S.C. § 1132(a)(3).").  Although 29 U.S.C. § 1132(a)(3) authorizes a plan beneficiary to bring suit for equitable relief for an administrator's breach of fiduciary duty, *Varity Corp. v. Howe*, 516 U.S. 489, 512, (1996), it is a "'catchall' provision[ ] act[ing] as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. 1132(a)][7] does not elsewhere adequately remedy."  *Id.*  Therefore, as the Tenth Circuit explained, "consideration of a claim under 29 U.S.C. 1132(a)(3) is improper when the [plaintiff] . . . states a cognizable claim under 29 U.S.C. 1132(a)(1)(B)." *Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x. 818, 826 (10th Cir. 2003).

Notably, both *Philippus* and *Lefler* dealt with motions for summary judgment. However, according to one of our sister courts, the Tenth Circuit's analysis in *Lefler* "indicates that the rule is not tied to any procedural status, and that dismissal may be appropriate even if the claim under § [1132](a)(1)(B) ultimately proves unfounded on the merits." *Holbrook v. Sun Life Assur. Co. of Canada*, 2012 WL 2449850, at *2 (D. Kan. June 26, 2012).  If the *Holbrook* court is correct, the question becomes whether Plaintiff's second and third claims seek the same relief for the same injury.  *See Fulghum v. Embarq Corp.*,

---

[7] 29 U.S.C. § 1132 is also referred to as § 502 of ERISA.  For consistency, the Court has changed all references to this provision to § 1132 throughout this Order.

8

Case 1:14-cv-02787-KLM-NYW   Document 36   Filed 09/30/15   USDC Colorado   Page 9 of 21

2008 WL 5109781 at *10 n.15 (D. Kan. Dec. 2, 2008) (discussing second claim for relief that was not subject to dismissal because plaintiffs did "not seek to recover for the same injury as Count I."). Accordingly, despite the lack of adequate briefing on the meaning of a "surcharge" under ERISA, the Court examines Plaintiff's claims and the relief available under § 1132(a)(1)(B) to determine if Plaintiff's second claim should be dismissed.

Section 1132(a)(1)(B) of ERISA provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3) empowers a beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Plaintiff's second claim seeks injunctive relief and a surcharge pursuant to 29 U.S.C. § 1132(a)(3) while Plaintiff's third claim seeks payment of benefits and associated interest pursuant to 29 U.S.C. § 1132(a)(1)(B).

Binding case law does not discuss the type of relief sought by Plaintiff in her breach of fiduciary duty claim brought under § 1132(a)(3), namely, "a surcharge." As defined above, a request for a surcharge is essentially an unjust enrichment claim. *Amara*, 131 S.Ct. at 1880 (defining "surcharge" as "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment."). Surcharge is an equitable claim, and equitable relief is explicitly permitted by § 1132(a)(3). *See id.* ("[T]he fact that [surcharge] takes the form of a money payment does not remove it from

the category of traditionally equitable relief.  Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.").  Therefore, Plaintiff's second claim seeks equitable relief in the form of recovery of amounts Defendant may have improperly gained from the alleged breach of fiduciary duty, while Plaintiff's third claim seeks payment of benefits.  The Court cannot, therefore, conclude that Plaintiff's second and third claims seek the same relief for the same injury despite the fact that they are based on the same alleged actions.  Even though *Lefler* affirmed dismissal of a breach of fiduciary duty claim, as described by the Tenth Circuit, the claim that was dismissed alleged "breach of fiduciary duty by failing to inform the class of its discounting practice and improperly denying, de facto, benefits under the plan."  *Lefler*, 72 F.App'x at 826.  Similarly, *Powers v. BlueCross Blue Shield of Illinois*, 947 F.Supp.2d 1139 (D. Colo. 2013), does not mention a surcharge.  As Judge Jackson explained in *Powers*, "the plaintiffs are alleging [ ] that benefits owed to Mrs. Powers [one of the plaintiffs] were wrongfully denied."  *Id.* at 1143 (dismissing breach of fiduciary duty claim).  Based on the descriptions of the claims that were improperly duplicative in *Lefler* and *Powers*, it appears that those claims were based on alternative legal theories but sought the same relief.  Here, in contrast, Plaintiff seeks two different types of recovery.[8]

---

[8] While there does not appear to be recent binding case law discussing whether a breach of fiduciary duty claim seeking a surcharge under § 1132(a)(3) may proceed when another claim based on the same alleged facts is brought under § 1132(a)(1)(B), various decisions addressing the issue focus on the remedy sought by the plaintiff, not the cause of action, as the Court does here.  For example, In *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, --- F.3d ---, 2015 WL 4940352, at *6 (2d Cir. 2015), the Second Circuit noted that "it is important to distinguish between a cause of action and a remedy under § [1132](a)(3)."  *Id.* at *6.  In analyzing the Supreme Court's decision in *Varity*, the Second Circuit held that "*Varity Corp.* did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available."  *Devlin v.*

In this case, Plaintiff's second claim seeks injunctive relief and surcharge and the third claim does not. The second claim seeks "an order enjoining Defendants from violating the terms and conditions of their ERISA plans and committing violations of ERISA by engaging in their practice of reimbursing mental health services below the levels authorized by the . . . plans and required by law . . . ." *Am. Compl.* [#27] ¶ 48. This claim also seeks "a surcharge to compensate her . . . for Defendants' violations." *Id.* ¶ 49. Finally, Plaintiff requests fees and costs. *Id.* ¶ 50. The third claim seeks reimbursement of benefits denied

---

*Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89 (2d Cir.2001). Instead, the Second Circuit determined that if a plaintiff "succeed[s] on both claims . . . the district court's remedy is limited to such equitable relief as is considered appropriate." *Id.* at 89-90. This is a sensible approach because if Defendant Anthem's argument that § 1132(a)(1)(B) is Plaintiff's exclusive remedy was true, that argument would encourage amendment of Plaintiff's third claim to include a request for injunctive relief seeking surcharge under § 1132(a)(1)(B) "to enforce her rights under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B). This tortured procedural path would elevate form over substance and waste the parties' and the Court's resources. As the Supreme Court made clear, the purpose of § 1132(a)(3), the "catchall provision," is to "act as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512. "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515. This reasoning led the Second Circuit to conclude in *UnitedHealth* that the plaintiff "ha[d] not yet succeeded on his § [1132](a)(1)(B) claim, and it is not clear at the motion-to-dismiss stage of the litigation that monetary benefits under § [1132](a)(1)(B) alone w[ould] provide him a sufficient remedy." *UnitedHealth*, 2015 WL 4940352, at *6. This Court agrees. *See also Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) ("We do not read *Varity* and *Pilger* [*v. Sweeney*, 725 F.3d 922 (8th Cir. 2013)] to stand for the proposition that [the plaintiff] may only plead one cause of action to seek recovery of his son's supplemental life insurance benefits. Rather, we conclude those cases prohibit duplicate recoveries when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)."); *cf. Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 882 (7th Cir. 2013) ("Thus, under [*Amara*], Kenseth may seek make-whole money damages as an equitable remedy under section 1132(a)(3) if she can in fact demonstrate that Dean breached its fiduciary duty to her and that the breach caused her damages." (citations omitted)); *McGravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176, 181 (4th Cir. 2012) ("In sum, the portion of *Amara* in which the Supreme Court addressed Section 1132(a)(3) stands for the proposition that remedies traditionally available in courts of equity, expressly including estoppel and surcharge, are indeed available to plaintiffs suing fiduciaries under Section 1132(a)(3)."). As a result, like the *UnitedHealth* court, I find that it is premature to dismiss the § 1132(a)(3) claim seeking surcharge at the motion-to-dismiss stage. *Id.*

or reduced as a result of Defendant Anthem's policies regarding reimbursement for mental health services, interest, fees, and costs.  *Am. Compl.* [#27] ¶¶ 59-60.  Based on the above analysis, the Court cannot conclude that Plaintiff's second claim fails to state a claim as a matter of law.  While Plaintiff cannot obtain duplicative *relief*, she may pursue both claims.  Accordingly, the Motion is **denied** to the extent it argues that Plaintiff's second claim should be dismissed because it is duplicative of her third claim.

### 2.    Mootness

Next, Defendant Anthem argues that Plaintiff's second claim should be dismissed because it is premised on Colo. Rev. Stat. § 10-16-104(7), a law that was repealed effective January 1, 2014.  *Motion* [#29] at 8-9.  Plaintiff does not dispute that this statute was repealed, but argues that "the legislature provided that existing plans remained subject to all preexisting provisions, including [Colo. Rev. Stat.] § 10-16-104(7)."  Plaintiff further maintains that Colo Rev. Stat. § 10-16-107 was created by the legislature at the time of the repeal and that Defendant Anthem's actions violated this statute as well.  *Response* [#33] at 9-10.

The Court notes that Defendant Anthem cites to portions of the Amended Complaint that state Plaintiff's *first claim*, but the second claim *does not mention or appear to rely on* these statutes.  For these reasons, the Motion [#29] is **denied** to the extent it argues that Plaintiff's second claim should be dismissed because it is based on Colo. Rev. Stat. § 10-16-104(7).  The Court addresses Plaintiff's first claim below.

### B.    Fourth Claim

Defendant Anthem argues, among other things, that Plaintiff's fourth claim for relief,

which argues that Defendants breached their fiduciary duties because they have "violated the terms and conditions of their health plans, and violated ERISA by applying processes, strategies, evidentiary standards and other factors to deny or reduce benefits for mental health services that are inconsistent with or in conflict with the" plans and applicable law, *Am. Compl.* [#27] ¶ 65, is subject to dismissal because it is duplicative of Plaintiff's third claim. *Motion* [#29] at 9. As Defendant Anthem notes, the fourth claim does not state the authority under which relief is sought. *Am. Compl.* [#27] §§ 61-68. Plaintiff alleges that Defendants were fiduciaries pursuant to 29 U.S.C. § 1104 (the ERISA provision that defines "fiduciary"), but does not specify the legal basis for the request for "an order requiring Defendants to restore losses to the Plan and participants resulting from their breaches of fiduciary duty as alleged above" and "appropriate equitable relief arising from Defendants' misconduct." *Am. Compl.* [#27] ¶¶ 64, 67. In *Varity*, the Supreme Court, facing a breach of fiduciary duty claim against an ERISA plan administrator, reiterated that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, . . . . § [1132](a)(1)(B)." *Varity*, 516 U.S. at 512 (citing *Mass. Mut. Life Inc. Co., v. Russell*, 473 U.S. 134, 144 (1985); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989)). As the Supreme Court explained in *Firestone*, § 1132(a)(1)(B) "allows a suit to recover benefits due under the plan, to enforce rights under the terms of the plan, and to obtain a declaratory judgment of future entitlement to benefits under the provisions of the plan contract." *Firestone*, 489 U.S. at 108. However, Plaintiff does not invoke this statute. Instead, Plaintiff appears to bring a common law claim for breach of fiduciary duty.

As Defendant Anthem argues, "§ 1132(a)(1)(B) provides an adequate and

appropriate remedy for Anthem['s] [ ] alleged failure to pay benefits." *Motion* [#29] at 9.  To the extent Plaintiff brings this claim as a common law breach of fiduciary duty claim, ERISA preempts the claim.  29 U.S.C. § 1144(a) ("[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan."); *David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1139 (10th Cir. 2005) (discussing ERISA preemption of fiduciary duty claims).  However, because Plaintiff's fourth claim does not state under what authority it is brought, it is possible that Plaintiff intended to bring this claim under § 1132(a(1)(B), which governs "suit[s] to recover benefits due under the plan, to enforce rights under the terms of the plan, and to obtain a declaratory judgment of future entitlement to benefits under the provisions of the plan contract."  *Firestone*, 489 U.S. at 108.  Defendant cites to no authority requiring Plaintiff to bring all claims brought under § 1132(a)(1)(B) jointly as one claim in her Amended Complaint, and the Court is aware of none.  Therefore, the Court cannot conclude that it would be improper for Plaintiff to bring two claims under the same statute and to state them as two separate requests for relief for ease of reference.   Because the basis for Plaintiff's breach of fiduciary duty claim is unclear, the Court dismisses this claim without prejudice and instructs Plaintiff that if she intended to bring this claim under 29 U.S.C. § 1132(a)(1)(B), she must seek leave to amend her Amended Complaint pursuant to Fed. R. Civ. P. 15.  Accordingly, the Court **grants** the Motion [#29] to the extent it argues that claim four should be dismissed and **dismisses claim four without prejudice**.  Because the Court dismisses this claim as discussed above, the Court does not address the other arguments advanced by Defendant for dismissal of this claim

C.    **First Claim**

1.    **Colo. Rev. Stat. § 10-16-704**

Defendant Anthem also argues that all claims should be dismissed to the extent they are based on alleged violations of Colo. Rev. Stat. § 10-16-104 or Colo. Rev. Stat. § 10-16-704. *Motion* [#29] at 13-14.  Specifically, Defendant Anthem argues that while the first claim mentions both statutes, *Am. Compl.* [#27] at 14, ¶ 44, Plaintiff offers nothing more than conclusory allegations and therefore, this claim fails to meet the pleading requirements of Fed. R. Civ. P. 8. *Motion* [#29] at 13-14.  In her Response, Plaintiff states that she "is not seeking relief under [Colo. Rev. Stat.] § 10-16-704 . . . ." *Response* [#33] at 16. Because Plaintiff admits that she is no longer seeking relief under Colo. Rev. Stat. § 10-16-704, the Court **grants** the Motion to the extent it seeks dismissal of the first claim to the extent it is premised on Colo. Rev. Stat. § 10-16-704 and **dismisses** that portion of the first claim **without prejudice**.[9]

2.    **Colo. Rev. Stat. § 10-16-104**

With regard to Colo. Rev. Stat. § 10-16-104, in the Amended Complaint Plaintiff specifically invokes § 10-16-104(5.5)(a)(1), which states:

> Every health benefit plan subject to part 2, 3, or 4 of this article, except those described in section 10-16-102(32)(b), must provide coverage for the treatment of biologically based mental illness and mental disorders that is no less extensive than the coverage provided for a physical illness.

As summarized above, the factual allegations in the Amended Complaint, in short, allege

---

[9]  The Court dismisses this portion of the claim without prejudice in the absence of any clarification from the parties.  The Court views Plaintiff's statement that she is not seeking relief under Colo. Rev. Stat. § 10-16-704 after specifically invoking that statute in the Amended Complaint as being akin to a dismissal under Fed. R. Civ. P. 41(a), which is without prejudice unless otherwise stated.  Fed. R. Civ. P. 41(a)(2).

that mental health treatment provided by doctors classified as psychiatrists was reimbursed at a lower rate than the same mental health treatment provided by doctors classified as primary care physicians.  *Am. Compl.* [#27] ¶¶ 14-21.  Defendant Anthem argues that "[a]part from a partial recitation of the mental health coverage parity statute, the Amended Complaint alleges no facts whatsoever supporting a conclusion that Anthem failed to provide mental health coverage parity."  *Motion* [#29] at 14.  However, the statute does not define the words "coverage" or "no less extensive."  Further, case law mentioning this statute is limited and does not clarify whether different reimbursement amounts for the same treatment performed by a different type of doctor is "less extensive" coverage.  As alleged by Plaintiff, two beneficiaries receiving the same mental health treatment paid different amounts because of what type of doctor treated them.  Defendant Anthem cites no authority precluding interpretation of the statute to disallow such behavior.  In addition, on a motion to dismiss, the movant, Defendant Anthem, must show that Plaintiff has not alleged a claim that is plausible on the face of the Amended Complaint.  As noted above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949.  Here, the Court cannot conclude that Plaintiff has not done so.  If differing levels of reimbursement for identical mental health treatment can be considered "less extensive" coverage under the statute, the claim should not be dismissed.  Therefore, while the precise meaning of the statute may remain to be determined, the Court finds that the Motion [#29] must be **denied** to the extent it argues that the first claim should be dismissed for failure to meet Rule 8's pleading requirements for relief under Colo. Rev. Stat. § 10-16-104.

Defendant Anthem also argues that the first claim, which seeks declaratory judgment, should be dismissed to the extent it is brought under any law other than 29 U.S.C. § 1132(a)(1)(B) because ERISA preempts state law. *Motion* [#29] at 15-16. ERISA itself includes a preemption provision that states: "[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan." 29 U.S.C. § 1144(a). However, 29 U.S.C. § 1144(b)(2)(A) states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which *regulates insurance*, banking, or securities." (emphasis added.). This provision is known as ERISA's savings clause. However, not every state statute that regulates insurance can be saved. "[E]ven a state law that can arguably be characterized as 'regulating insurance' will be preempted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." *Aenta Health Inc. v. Davila*, 542 U.S. 200, 217-18 (2004).

In interpreting ERISA's preemption clause, the Supreme Court has held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. The Supreme Court further explained that "complete preemption" is appropriate in such circumstances because ERISA's remedial provisions

> set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

17

*Davila*, 542 U.S. at 208-09 (internal quotation and citation omitted).  Here, as discussed above, Plaintiff brings claims under ERISA's remedial provisions, namely 29 U.S.C. §§ 1132 (a)(1)(B) and 1132(a)(3).  Plaintiff's first claim seeks "a declaration from this Court that the Defendants' conduct was illegal and invalid under Colorado law, including, but not limited to" the specified statutes.  *Am. Compl.* [#27] at 15.  Accordingly, the question is whether this request is preempted by ERISA.

Here, Plaintiff seeks a judicial determination that Defendant Anthem violated the state statute based on a particular insurance plan entered into between the parties.  As noted above, Plaintiff specifically invokes § 10-16-104(5.5)(a)(1), which states:

> Every health benefit plan subject to part 2, 3, or 4 of this article, except those described in section 10-16-102(32)(b), must provide coverage for the treatment of biologically based mental illness and mental disorders that is no less extensive than the coverage provided for a physical illness.

The Tenth Circuit "has identified four causes of action that 'relate to' a benefit plan for purposes of ERISA preemption."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999).

> They involve (1) laws regulating the type of benefits or terms of ERISA plans; (2) laws creating reporting, disclosure, funding or vesting requirements for such plans; (3) laws providing rules for calculating the amount of benefits to be paid under such plans; and (4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans.

*Id.*  "Claims that solely impact a plan economically . . . [and c]laims that do not 'affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' are not preempted.'"  *David P. Coldesina*, 407 F.3d at 1136 (quoting *Woodworker's Supply*, 170 F.3d at 990).  Notably, "the availability of a remedy under ERISA is not relevant to the preemption analysis." *Id.* at 1139.

18

The briefing on this issue does not discuss whether this particular statute falls within the four causes of action discussed in *Woodworker's Supply* or whether it affects the relations among the principal ERISA entities.  Defendant Anthem merely argues that "[d]eclarations concerning entitlement to ERISA plan benefits depend on the existence of, and necessarily relate to, Plaintiff's ERISA plan and may only be pursued through ERISA's exclusive remedial scheme for enforcing or clarifying rights to ERISA plan benefits." *Motion* [#29] at 15; *see also Reply* [#34] at 16 ("[B]ecause ERISA creates the exclusive basis to seek delcaratory relief relating to ERISA plan benefits . . ., Plaintiff may not bring a declaratory relief claim under any state or federal law other than ERISA . . . .").  However, as explained above, the analysis is much more complex than Defendant Anthem's briefing indicates.  Plaintiff maintains that "the Colorado statutes at issue are not preempted" and discusses a case involving a Washington state law. *Response* [#33] at 16-17.  At this stage in the case, without more detailed analysis from the parties, the Court cannot determine that Colo. Rev. Stat. § 10-16-104 is preempted by ERISA.  Such a determination requires careful, thoughtful analysis that the parties simply have not provided.  *Cf. Shafer v. Metropolitan Life Ins. Co.*, 80 F.Supp.3d 1244, (10th Cir. 2015) (engaging in detailed analysis and ultimately holding that Colo. Rev. Stat. § 10-3-1116(3) "conflicts with ERISA's remedial scheme, in part, and thus," is preempted by ERISA).  It is not the Court's role to supply legal support for either litigant's position.  *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the

19

record . . . and make a party's case for it."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").  As a result, the Court **denies** the Motion [#29] to the extent it argues that claim one should be dismissed because Colo. Rev. Stat. § 10-16-104 is preempted by ERISA.

## D.    Claim Three

The only challenge Defendant Anthem brings to Plaintiff's third claim is its argument that "[a]ll of Plaintiff's claims are subject to partial dismissal under rule 12(b)(6) to the extent they continue to be premised on alleged violations of" Colo. Rev. Stat. §§ 10-16-104 and 10-16-704.  However, this claim seeks benefits under 29 U.S.C. § 1132(a)(1)(B) and does not mention or rely on state law.  *See Am. Compl.* [#27] ¶¶ 51-60.  As a result, the Motion [#29] is **denied** to the extent it seeks dismissal of Plaintiff's third claim.

## V.  Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#29] is **GRANTED in part** and **DENIED in part**, and Plaintiff's claims are dismissed as follows:

Plaintiff's fourth claim is **dismissed without prejudice**.  If Plaintiff intended to bring this claim under 29 U.S.C. § 1132(a)(1)(B), she must seek to amend her Amended Complaint pursuant to Fed. R. Civ. P. 15.

Plaintiff's first claim is **dismissed without prejudice** to the extent it is premised on Colo. Rev. Stat. § 10-16-704.

The remainder of Defendant's Motion [#29] is **denied**.

IT IS FURTHER **ORDERED** that the stay entered by the Court on December 11,

2014 [#20] is **lifted**.

IT IS FURTHER **ORDERED** that the parties shall file a proposed Amended Scheduling Order **on or before October 16, 2015**, in lieu of the status report discussed at the December 11, 2014 Scheduling Conference [#20].

Dated:  September 30, 2015                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge