**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:14-cv-02787-KLM

LAURAL O'DOWD, for herself and all others similarly situated,

     Plaintiff,

v.

ANTHEM, INC. AND ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC.,
d/b/a ANTHEM BLUE CROSS and BLUE SHIELD.

     Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS**

---

Defendants Anthem Colorado and Anthem, Inc. (collectively, "Defendants") respectfully

submit their joint reply in support of their partial motion to dismiss Plaintiff's Second Amended

Complaint ("SAC").  As explained below, Plaintiff's Opposition fails to demonstrate why all of

Plaintiff's claims—save her 1132(a)(1)(B) claims against Anthem Colorado—should not be

dismissed as a matter of law for failure to comply with ERISA's pleading requirements.

**ARGUMENT**

**I.     PLAINTIFF CAN ONLY SEEK A DECLARATION UNDER 1132(A)(1)(B).**

Plaintiff does not dispute that, under controlling law and the reasoning of this Court's

prior decision, her claim in Count I for a declaration regarding her entitlement to plan benefits is

preempted and should proceed under 1132(a)(1)(B).  *See* Br. 6-7.  In a footnote, however,

Plaintiff purports to "reserve[] the right to assert a claim under the declaratory judgment act or

state law" in the event that "[Defendants] challenge[] Plaintiff's entitlement to seek declaratory

relief relating to these Colorado statutes through an ERISA claim."  Opp. 4, n.1.  She cannot

have it both ways.  Complete preemption of her claim is not optional, and it does not turn on whether Plaintiff ultimately prevails on her 1132(a)(1)(B) claim, but whether she seeks benefits under an ERISA plan.  *See* Br. 6-7.  Moreover, Plaintiff has no private right of action to enforce the Colorado statutes and is therefore precluded as a matter of law from bringing a declaratory judgment claim as an end-run around the lack of a private right of action.  *See id*. 6-7, n.4.  Thus, the Court should dismiss Count I to the extent it is not brought under 1132(a)(1)(B).

## II.    PLAINTIFF'S 1132(A)(3) CLAIMS DUPLICATE HER 1132(A)(1)(B) CLAIMS.

Plaintiff argues that her 1132(a)(3) claims should not be dismissed as duplicative of her 1132(a)(1)(B) claims because:  (a) law of the case precludes dismissal; (b) controlling authority does not foreclose pleading in the alternative or require dismissal at this stage of the proceedings; (c) her claims are alternatively pled; and (d) the Court may later determine that 1132(a)(1)(B) does not provide adequate relief.  Opp. 7-17.  As explained below, each of these arguments is without merit, and Plaintiff's 1132(a)(3) claims should be dismissed under controlling authority.

### A.    Law of Case Does Not Preclude Dismissing Plaintiff's Duplicative Claims.

Plaintiff is wrong that the law of the case doctrine precludes the Court from dismissing the 1132(a)(3) claims in Counts II and IV of the SAC as duplicative.  Opp. 8.  Tenth Circuit law is clear that "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect."  *Franklin v. Kansas Dep't of Corr*., 160 F. App'x 730, 734 (10th Cir. 2005); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Defendants moving to dismiss an amended complaint are entitled to make arguments previously made and to raise new arguments that were previously available.  *E.g.*, *Hook v. United States*, 624 F. App'x 972, 976 (10th Cir. 2015); *Sattar v. Holder*, 2012 WL 882401, at *7, n.13 (D. Colo. Mar. 15, 2012); *In re*

2

*Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010).  Courts also have broad power to revisit, revise, or rescind an interlocutory order prior to entry of final judgment.  *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).  Here, rather than proceed with her claims after the Court issued its motion to dismiss order, Plaintiff elected to amend the First Amended Complaint ("FAC") and to assert new allegations that are relevant to the viability of her 1132(a)(3) claims.  For example, the SAC adds allegations that make clear that Plaintiff's 1132(a)(3) claims are based only on the denial of plan benefits.[1]  Further, Count II of the SAC alleges violations of a federal statute not pled in the FAC.  *Compare* SAC ¶ 65, *with* FAC ¶ 47.  Because the SAC substantially alters and supersedes the FAC, law of the case does not preclude dismissal of the 1132(a)(3) claims.

> **B.    Controlling Authority Requires Dismissal of Duplicative 1132(a)(3) Claims.**

Plaintiff's argument that dismissing her duplicative 1132(a)(3) claims would violate her right to plead "alternate legal theories of recovery based on the same factual allegations" under Fed. R. Civ. P. 8. misses the mark.  Opp. 8.  Dismissing a duplicative 1132(a)(3) claim does not violate Rule 8 because "the dismissal of [p]laintiff's equitable claims under *Varity* would not bar [p]laintiff from asserting inconsistent legal theories, as Rule 8 allows, but from asserting the same legal theory twice under separate labels." *Zuckerman v. United of Omaha Life Ins. Co.*, 2010 WL 2927694, at \*7 (N.D. Ill. July 21, 2010); *see also Holbrooks v. Sun Life Assurance Co.*, 2012 WL 2449850, at \*1 (D. Kan. June 26, 2012); *Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801, 812-14 (N.D. Ill. 2009).  Thus, following *Varity* and *Lefler*, a plaintiff

---

[1] *See* SAC ¶¶ 13 (pleading the Colorado statutes are terms of the plan); 81 (repleading fiduciary duty claim in Count IV under both 1132(a)(1)(B) and 1132(a)(3) based on same allegations); 68, 86 (seeking a surcharge only "to the extent" not available under 1132(a)(1)(B)).

may plead a truly alternative 1132(a)(3) claim ***based on an injury distinct from the denial of***

***plan benefits not adequately remedied under 1132(a)(1)(B)***, but may not repackage a denial of

benefits claim.  *See* Br. 9 n.6.  *Silva v. Metro. Life Ins. Co.,* 762 F.3d 711 (8th Cir. 2014) does not

hold otherwise:  the Eighth Circuit held that a plaintiff had pled 1132(a)(3) and 1132(a)(1)(B)

claims based on "two alternative—as opposed to duplicative—theories of liability."  762 F.3d at

726-28 (allowing both claims to proceed because discovery would show whether plaintiff had an

1132(a)(1)(B) claim because he was eligible for plan benefits or alternatively an 1132(a)(3)

claim for misrepresentation because he was ineligible under plan).  The court did not hold that a

plaintiff may pursue duplicative 1132(a)(3) claims for plan benefits.  *See id.* at 730 (Gruender, J.

concurring) (An "1132(a)(3) claim—even if pled in the alternative—cannot survive a motion to

dismiss if the plaintiff seeks to enforce rights that arise under the terms of an ERISA plan.").

Plaintiff's argument that dismissal of her 1132(a)(3) claims is premature prior to a

determination on the merits of her 1132(a)(1)(B) claims also fails.  Opp. 9-10, n.6 (citing *NY*

*State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2015) and out-of-circuit

authority).  That argument is contrary to the Tenth Circuit's decisions in *Lefler* and *Moore*—and

to the decisions of virtually every district court in this Circuit uniformly holding duplicative

1132(a)(3) claims should be dismissed at the motion to dismiss stage.  Br. 9, n. 6.  Plaintiff does

not address the district court cases cited by Defendants, and her attempt to distinguish *Lefler* on

the ground that it was "decided at the summary judgment stage" is without merit.  Opp. 10.

*Lefler* instructs that dismissal of duplicative 1132(a)(3) claims is ***not*** tied to procedural status;

rather, "consideration of a claim under 1132(a)(3) is ***improper when plaintiff . . . states a***

***cognizable claim*** under 1132(a)(1)(B)."  72 F. App'x 818, 826 (10th Cir. 2003) (emphasis

4

added); *see also Powers v. BlueCross Blue Shield of Illinois*, 947 F. Supp. 2d 1139, 1143 (D.

Colo. 2013); *Holbrooks*, 2012 WL 2449850, at *1.  That Plaintiff's 1132(a)(1)(B) claims may

not succeed on the merits as to Anthem Colorado and are improper as to Anthem, Inc., Opp. 15-

16, does not open the door to 1132(a)(3) relief.  *See Lefler*, 72 F. App'x at 826 (dismissing

1132(a)(3) and 1132(a)(1)(B) claims); *Zuckerman*, 2010 WL 2927694, at *6 (majority view of

most courts is that plaintiff's ultimate success is "irrelevant; the pertinent inquiry is whether [the

plaintiff] can state a claim under [that provision]"); Br. 8-9 & n.6 and Section III, *infra*.

Accordingly, controlling authority requires dismissal of repackaged 1132(a)(3) claims.

> **C.**    **Plaintiff Has Not Pled An Injury Distinct From The Denial Of Plan Benefits.**

Plaintiff does not dispute that all of her claims, including under 1132(a)(3), as pled, are

based on a single alleged injury—the denial of benefits under her plan.  Br. 9-11.  Plaintiff states

that her breach of fiduciary duty claims seek to "challeng[e] [] Anthem's discriminatory

reimbursement practices that adversely impacted her *right to benefits under her plan*."  Opp. 19;

20, n.19 ("Anthem was engaging in fiduciary acts *in making benefit determinations* based on

discriminatory reimbursement policies") (emphases added); *see also* Opinion [#36] at 14

(finding fiduciary duty claim based on "*alleged failure to pay benefits*"). That is no less true

with respect to Plaintiff's fiduciary duty claims based on Anthem, Inc.'s alleged development of

company-wide policies which Plaintiff asserts caused, albeit indirectly *via* Anthem Colorado, the

denial of plan benefits.  *Id.*  Thus, Plaintiff's fiduciary duty claims against both Defendants are

based on nothing more than the alleged denial of plan benefits.  *See* Br. 4, 9-10, n.7.

Plaintiff's suggestion that Defendants may have profited from the alleged breach of

fiduciary duty (which is nowhere pled in the SAC) does not demonstrate a distinct injury that

could give rise to an independent 1132(a)(3) claim.  Opp. 13-15.  As the Sixth Circuit has

explained in rejecting a similar 1132(a)(3) claim for disgorgement of profits:

> The denial [of benefits] is the injury and the [defendant's] withholding [of benefits] is simply ancillary thereto . . . .  Together they comprise a single injury.  By withholding payment of benefits [], [defendant] did not violate a second, distinct duty owed to [plaintiff] and did not inflict a second injury. . . .  Nor can it be said that [plaintiff] suffered a second injury, or that his injury was exacerbated, as a result of any gain realized by [defendant] before it paid the wrongfully withheld benefits.  [Plaintiff's] loss remained exactly the same irrespective of the use made by [defendant] of the withheld benefits.

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 374 (6th Cir. 2015).[2]  Tellingly, none of

Plaintiff's cases hold that a plaintiff may pursue a duplicative 1132(a)(3) claim for an

award of profits where the plaintiff's sole injury is a denial of benefits.  Opp. 13-15.

Likewise, Plaintiff does not and cannot identify an injury distinct from the denial of plan

benefits allegedly resulting from Defendants' alleged "violation of ERISA," specifically 300gg-5

(PHS 2706(a)), in Count II.  Opp. 11.  Plaintiff tries to frame Count II as an independent

1132(a)(3) claim that can be brought regardless of whether 300gg-5 is "implied . . . into the plan

terms" of her plan, Opp. 6, but the only alleged injury resulting from an alleged violation of

300gg-5 is the denial of benefits under Plaintiff's plan.  *See, e.g.*, SAC ¶¶ 64 ("Defendants'

unfair and discriminatory reimbursement practices ***deprive benefits*** to Plaintiff and the Class");

66 ("***Plaintiff requests an order enjoining Defendants from violating the terms and conditions***

***of their ERISA plans*** and committing statutory violations of ERISA by engaging in their

practice of ***reimbursing mental health services below the levels authorized by the plans*** and

required by law") (emphases added).  Thus, if 300gg-5 gives Plaintiff an right to additional plan

---

[2] *See also Farrell v. Aetna Life Ins. Co.,* 2015 U.S. Dist. LEXIS 58612, at \*15 (W.D. Ky. May 5, 2015); *Gibbs v. Paul Revere Life Ins. Co.*, 2014 WL 3891762, at \*1 (N.D. Ill. Aug. 8, 2014); *Hannon v. Unum Ins. Co. of Am.*, 2014 WL 4352156, at \* 2 (S.D. Ind. Sept. 2, 2014).

benefits as pled, Plaintiff can only enforce that right through (a)(1)(B). *See* Br. 20-22.[3]

### D.    Plaintiff Fails To Show That 1132(a)(1)(B) Provides An Inadequate Remedy.

Plaintiff does not dispute that, under Supreme Court and Tenth Circuit authority, she may not use an 1132(a)(3)'s claim for equitable relief to recover denied plan benefits because 1132(a)(1)(B) provides an adequate and exclusive remedy for that alleged injury. *See* Br. 9, n.6. Thus, to the extent Plaintiff's 1132(a)(3) claims seek to recover allegedly denied plan benefits, they should be dismissed. *Id.* Plaintiff's Opposition instead only offers speculation that equitable relief under 1132(a)(3) "may be" appropriate in the event that (1) Defendants were "unjustly enriched in an amount greater than the withheld benefits," or (2) the Court determines that the requested injunctive relief is inappropriate under 1132(a)(1)(B). Opp. 15. Plaintiff fails to demonstrate that 1132(a)(3)'s catchall relief is appropriate in either hypothetical situation.

First, Plaintiff is not entitled as a matter of law to seek an award of disgorgement of any profits on withheld benefits under 1132(a)(3) where, as here, an award of benefits and prejudgment interest under 1132(a)(1)(B) would adequately redress her alleged injury if liability is found. Awarding profits on top of relief under 1132(a)(1)(B) "would be plainly beyond and inconsistent with ERISA's purpose to make claimants whole" and "result[] in an impermissible duplicative recovery." *Rochow*, 780 F.3d at 371; *see also*, *e.g.*, *Howard v. Hartford Life & Accident Ins. Co.*, 765 F. Supp. 2d 1341, 1347 (M.D. Fla. 2011); *Sexton v. Standard Ins. Co.*, 2014 WL 1745420, at *1-2 (N.D. Ill. Apr. 30, 2014). None of Plaintiff's cases, including *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), show Plaintiff could be entitled to her requested

---

[3] Plaintiff's suggestion that requiring her to proceed through 1132(a)(1)(B) would render 1132(a)(3)(A) "superfluous" misses the point. Opp. 12. Supreme Court and Tenth Circuit authority make clear that 1132(a)(3)'s catchall relief is available for injuries distinct from the denial of plan benefits (which the SAC does not plead) and that the specific and exclusive avenue for challenging the denial of benefits lies in 1132(a)(1)(B), not 1132(a)(3). Br. 8-9, n.6.

relief because the 1132(a)(3) claims in those cases were based on injuries distinct from the denial

of plan benefits.  Opp. 13-15.  *Amara* suggested that a plaintiff suing for damages caused by

defendant's breach of fiduciary duty in making a ***misrepresentation*** (not to recover plan

benefits) may seek equitable "make-whole relief" under 1132(a)(3).  131 S.Ct. at 1880.  *Amara*

in no way altered the rule in *Varity* and its progeny that a plaintiff suing for the ***denial of plan***

***benefits***—a claim that was not at issue in *Amara*—must proceed under 1132(a)(1)(B) and that

additional "catchall" relief under 1132(a)(3) is unavailable.  *See Rochow*, 780 F.3d at 374-75;

*Sexton*, 2014 WL 1745420, at \*1-2; *see also* Br. 17, n.10.[4]

Second, Plaintiff's Opposition does not show that 1132(a)(1)(B) cannot provide adequate

injunctive relief and instead only speculates that the Court "***may*** later conclude that this same

relief is available under 1132(a)(1)(B)."  Opp. 13 (arguing that until the Court decides this issue,

"Plaintiff should not be barred from seeking that relief under § 1132(a)(3)") (emphasis added).

But that argument is without merit because under 1132(a)(1)(B) a plaintiff may "obtain a

declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and

to enjoin the plan administrator from improperly refusing to pay benefits in the future."  *See*

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-47 (1985); *Hyde v. Benicorp Ins. Co.*, 363

F. Supp. 2d 1304, 1308-09 (D. Kan. 2005); *see also* Opinion at n.8 (acknowledging that Plaintiff

may seek injunctive relief under 1132(a)(1)(B)).[5]  Plaintiff's attempt to liken her 1132(a)(3)

---

[4] Further, the SAC is devoid of factual allegations that Defendants "may" have profited from withheld benefits or premiums and thus fails to plausibly state a claim for disgorgement of profits against either Defendant.  Br. 14. Plaintiff's argument that *Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401 (10th Cir. 2004) is no longer good law after *Amara*, Opp. 13-15, fails to recognize that  post-*Amara*, courts still hold that equitable remedies of disgorgement and unjust enrichment are only available where the fiduciary benefited from the alleged breach.  *E.g.*, *Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012).

[5] The Court declined to dismiss Plaintiff's claim for injunctive relief as duplicative of her

claims to those raised in *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005) is misplaced. Opp. 12. In *Hill*, the plaintiff challenged defendant's use of an automated system to uniformly process claims, and the plaintiff sought payment of benefits under 1132(a)(1)(B) and injunctive relief under 1132(a)(3). 409 F.3d at 716. The Sixth Circuit permitted the plaintiff to pursue both claims because it held that the injunctive relief sought by the plaintiff—an order prohibiting defendant from using the automated claims system—was not available to the plaintiff under 1132(a)(1)(B). *Id.* at 721. Here, in contrast, Plaintiff seeks an injunction "requiring Defendants to pay behavioral health providers *at the same amount* as medical providers per RVU." SAC, Request for Relief ¶ D (emphasis added). Plaintiffs do not and cannot explain how that requested relief is not available under 1132(a)(1)(B). *Russell*, 473 U.S. at 146-47.[6]

In sum, because Plaintiff's 1132(a)(3) claims are based on an alleged denial of plan benefits for which 1132(a)(1)(B) could provide an adequate remedy if proven, controlling Supreme Court and Tenth Circuit authority requires that those claims be dismissed.

## III.    PLAINTIFF FAILS TO STATE 1132(A)(3) CLAIMS.

### A.    Plaintiff Fails to State Fiduciary Duty Claims Against Either Defendant.

Plaintiff's Opposition confirms that her fiduciary duty claims under 1132(a)(1)(B) and (a)(3) are based on allegations that Anthem Colorado made disputed benefits determinations

---

1132(a)(1)(B) claim on the ground requiring her to replead her claim under 1132(a)(1)(B) was nothing more than a "tortured procedural path." Opinion at n.8. Defendants respectfully disagree. Requiring Plaintiff to proceed under 1132(a)(1)(B) rather than under 1132(a)(3) is not merely a "procedural" issue, but rather is consistent with Supreme Court guidance that the different pleading requirements and relief available under various subsections of 1132(a) reflect deliberate choices by Congress and a careful balancing of competing policies. *See* Br. 1-2, 16-17.

[6] Plaintiff's other cases also did not involve a request to pay specific benefit amounts under the plans as here, but instead injunctions requiring defendant to modify its preauthorization practices (*Smith*) or refrain from using improper age-limits in deciding coverage (*Z.D.*). Opp. 12-13.

under Plaintiff's plan and that "*that Defendant* exercised *sole discretion* in establishing reimbursement rates." Opp. 18. As explained above, that is precisely the type of fiduciary duty claim that must proceed under 1132(a)(1)(B), not 1132(a)(3). *See* Section II, *supra*.

Plaintiff's argument that Anthem, Inc. acted as a fiduciary because it had "control over the ultimate" benefits determinations made by Anthem Colorado is without merit and fails to state an independent 1132(a)(3) claim against Anthem, Inc. Opp. 20-22. It is inconsistent with Plaintiff's concession that *Anthem Colorado* had "sole discretion" in determining reimbursement rates under Plaintiff's plan. Opp. 18. It is also inconsistent with the SAC and the plan document that make clear that *Anthem Colorado* is the "claims fiduciary" with "final" decision-making authority for benefit determinations under the plan. Br. 23. The handful of allegations specific to Anthem, Inc. do not allege that Anthem, Inc. had authority to decide whether to pay Plaintiff's claims and how much. *See* SAC ¶¶ 2-5. Instead, they allege, in a wholly conclusory fashion, that Anthem, Inc. developed general company-wide "policies for the *methods Anthem's subsidiaries use to set provider reimbursement rates*." *Id*. ¶ 5 (emphasis added). Plaintiff's assertion that paragraphs 27, 43-44, 47 of the SAC—which describe methodologies "Anthem" allegedly used to pay Plaintiff's and other Anthem Colorado members' benefit claims—pertain specifically to Anthem, Inc. is not plausible. Opp. 21-22. Plaintiff's prior complaint made those same allegations with respect to *Anthem Colorado*, *see* FAC at ¶¶ 2, 21, 29, 31 (defining "Anthem" as "Anthem Colorado"), and SAC paragraphs 27, 43-44, 47 are drawn from *Anthem Colorado's* Disclosure of Estimated Allowable Reimbursement ("DEAR") letters to Plaintiff and other correspondence between *Anthem Colorado* and the Colorado Division of Insurance.[7]

---

[7] *Compare* SAC ¶¶ 28-30, 43-44 (DEAR letters "demonstrated that *Anthem* used [ ] different

Plaintiff also cannot state an independent claim for breach of fiduciary duty against Anthem, Inc. based on the alleged development of company-wide policies for the "methods" used by its subsidiaries to set reimbursement rates under plans in their sole discretion.  SAC ¶¶ 3-5; Opp. 18.  Allegations that Anthem, Inc. developed company-wide policies without regard to the interpretation and application of the specific terms of Plaintiff's plan fail to plead that Anthem, Inc. acted as a fiduciary.  *See Am. Psychiatric Assoc. v. Anthem Health Plans*, 50 F. Supp. 3d 157, 169-70 (D. Conn. 2014) (dismissing 1132(a)(3) claims based on alleged company-wide policies regarding reimbursement of **both** out-of-network and in-network services based on failure to plead defendants acted in fiduciary capacity); Br. 18-20.  And to the extent Plaintiff has sufficiently pled that those policies impacted Anthem Colorado's payment of benefits under Plaintiff's plan, these allegations can only proceed through an 1132(a)(1)(B) claim against Anthem Colorado.  *See Johns v. Blue Cross Blue Shield of Michigan*, 2009 WL 646636, at \*4-\*5 (E.D. Mich. Mar. 10, 2009) (rejecting attempt to plead 1132(a)(3) cause of action based on defendant's plan-wide policies and procedures of denying benefits as improper attempt to repackage denial of benefits claim); *Zuckerman*, 2010 WL 2927694, at \*7-\*8 (finding 1132(a)(3) claim brought against one party was improperly repackaged 1132(a)(1)(B) claim against another party because sought relief for same injuries for which redress was available under (a)(1)(B)).

## B.     Plaintiff Cannot Seek to Enforce 300gg-5 Through 1132(a)(3).

Plaintiff argues that, based on "[t]he natural reading of [1132(a)(3)]," Anthem, Inc. can be liable under 1132(a)(3) as a "non-fiduciary" based on its alleged development of company-

---

Maximum Allowable Amounts"), *with id.* at ¶¶ 1-2, 23, 25 (**Anthem Colorado** insured, processed and paid her benefit claims and "impos[ed]" "Maximum Allowable Amounts" under her plan); *compare* SAC ¶¶ 33-38, 47 ("**Anthem**" received and responded to request from Colorado Division of Insurance), *with id.* at 39 (correspondence with Division was about "**Anthem Colorado's**" fee schedule for the codes in question) (emphases added).

wide reimbursement policies that "allegedly *cause* ERISA [PHS 2706] violations" *via* Anthem

Colorado's benefits determinations under Plaintiff's plan. Opp. 16-17. That indirect, attenuated

theory of liability does not comport with the requirements of ERISA's enforcement provisions

and should be rejected. The only alleged (albeit indirect) "*impact*[]" of such policies is Anthem

Colorado's denial of benefits under the plan, Opp. 17—a claim that, under controlling authority,

must be brought under 1132(a)(1)(B) against Anthem Colorado only. *See* Br. 8-9 & n.6;

Sections II *supra* & IV *infra*. Plaintiff should not be allowed to circumvent these pleading

limitations based only on allegations that Anthem, Inc. developed policies regarding the

"methods" its subsidiaries used to determine reimbursement rates in their sole discretion. *See*

*Johns*, 2009 WL 646636, at \*4-\*5; *Zuckerman*, 2010 WL 2927694, at \*7-\*8. Plaintiff does not

cite any cases applying Plaintiff's novel theory of liability. Further, *Harris Trust & Savings*

*Bank v. Salomon Smith Barney*, 503 U.S. 238, 248 (2000) does not support Plaintiff's argument

because it holds that 1132(a)(3) "does not . . . authorize 'appropriate equitable relief' *at large*"

but rather imposes liability on a non-fiduciary only "for the purpose of redress[ing]" the claimed

"act or practice which violates [ERISA]." 530 U.S. at 243, 246, 248-49 (finding 1132(a)(3) claim

proper against non-fiduciary party-in-interest in a prohibited transaction under ERISA 406(a)(1)

that held profits made from use of plan assets to be recovered through claims for restitution).

Here, only Anthem Colorado—the entity Plaintiff concedes has "sole discretion" to make the

benefit determinations that allegedly violated 300gg-5—can provide direct relief for Plaintiff's

alleged injury if proven. *Harris* does not support extending 1132(a)(3) liability to Anthem, Inc.

because Plaintiff does not allege that Anthem, Inc.'s policies themselves violated the statute

(only that Anthem Colorado's benefits determinations violated the statute) or that Anthem, Inc.

can provide direct relief for Plaintiff's alleged injury.  Thus, Plaintiff must pursue relief for alleged violations of 300gg-5 only through 1132(a)(1)(B) against Anthem Colorado.[8]

## IV.    ANTHEM, INC. IS AN IMPROPER DEFENDANT UNDER 1132(a)(1)(B).

Plaintiff does not dispute that controlling Tenth Circuit authority limits the universe of proper defendants to an 1132(a)(1)(B) to the "plan as an entity and plan administrators" and "possibly" the "named fiduciary."  Br. 22 (quoting *Geddes v. United Staff Alliance Employee Med. Plan*, 469 F.3d 919, 931 (10th Cir. 2006)); *see also Peterson v. Kynion II*, 2013 WL 1092973, at *2 (D. Kan. Mar. 5, 2013).  Nor does Plaintiff dispute that Anthem, Inc. is none of these.  Br. 22.  Instead, Plaintiff asserts that the SAC states an 1132(a)(1)(B) claim against Anthem, Inc. because it "plausibly alleged that Anthem, Inc. has operated as an ERISA fiduciary."  Opp. 22.  But Plaintiff's theory that Anthem, Inc. can be held liable as a *de facto* fiduciary, rather than a named fiduciary that has been expressly delegated fiduciary duties under the plan, is contrary to *Geddes* and finds no support in *Basquez v. East Central OK Elec. Co-op, Inc.*, 2008 WL 906166, at *6 (E.D. Okla. Mar. 31, 2008).  In *Basquez*, the court found that a defendant that *had not been expressly delegated* fiduciary duties under the plan was not a proper defendant to an 1132(a)(1)(B) claim, but declined to rule whether a second defendant that *had been expressly delegated* fiduciary duties under the plan was a proper defendant.  *Id.* at *6-*7.  If anything, *Basquez* supports dismissal of Anthem, Inc. because the plan document does not

---

[8]  Plaintiff asserts that she "does not need to rely on the implied incorporation of [PHS 2706(a)] into plan terms" but fails to explain how, as a matter of law, 300gg-5 could otherwise entitle her to the relief she seeks in Count II—additional benefits ***under her plan***.  Opp. 6.  Whether through implied incorporation or directly through 1185d, as explained above, Plaintiff's claim in Count II is based on her theory that 300gg-5 applies to "coverage" under her plan and entitles her to additional benefits under her plan.  SAC ¶¶ 64, 66.  Plaintiff can only seek to pursue that relief under 1132(a)(1)(B).  *See* Section II, *supra*; *Am. Psychiatric Assoc.*, 50 F. Supp. 3d at 170, n.12 (claims to enforce 1185a(a)(3) had to proceed "through their respective insurance plans").

expressly delegate *any* duties (fiduciary or otherwise) to Anthem, Inc.  Opp. 21.  Moreover, even if there was some basis under Tenth Circuit law to extend 1132(a)(1)(B) liability to *de facto* fiduciaries, it cannot be extended  to Anthem, Inc. here.  As Plaintiff concedes and the SAC and plan document both show, only Anthem Colorado had "sole discretion" to determine benefits under Plaintiff's plan.  *See* Section III, *supra*.[9]  Thus, Anthem Colorado is the only party that could grant Plaintiff's requested relief and the only proper party under 1132(a)(1)(B).  *Id.*

Plaintiff cannot save her 1132(a)(1)(B) claims against Anthem, Inc. from dismissal through a request for "discovery to address the question of how much, if any control" Anthem, Inc., as the "parent company" of Anthem Colorado, "exerts over the management or policies of the plan."  Opp. 22-23.  Plaintiff's requested discovery could not show that Anthem, Inc. is a proper defendant because the SAC and plan document make clear that Anthem, Inc. is not the "plan," "plan administrator" or "named fiduciary," and that ***Anthem Colorado*** has "sole" and final authority over Plaintiff's benefits determinations.  *See Geddes*, 469 F.3d at 931.[10] Moreover, "[d]isregarding the corporate form is a drastic remedy," and the SAC fails to demonstrate it is appropriate here because it does not allege facts plausibly showing that Anthem Colorado is but an "instrumentality" of Anthem, Inc. or cannot grant the requested relief if liability is proven.  *Skidmore, Owings & Merrill v. Canada Life Assur. Co.*, 907 F.2d 1026, 1027 (10th Cir. 1990) (listing ten different factors under Colorado law relevant to determining whether

---

[9] Defendants did not concede that a *de facto* fiduciary is a proper defendant to an 1132(a)(1)(B) claim.  Opp. 20.  Defendants argued that even if that theory was not foreclosed by *Geddes* (a case Plaintiff's Opposition does not address), the SAC fails to plausibly allege Anthem, Inc. acted as a fiduciary with respect to the disputed benefits determinations.  Br. 22-23.

[10] Neither of Plaintiff's cases hold that a corporate parent may be held liable under 1132(a)(1)(B) based on corporate veil piercing for the benefits determinations of its subsidiary.  *See Drolet v. Healthsource, Inc.*, 968 F. Supp. 757, 761 (D.N.H. 1997) (examining 1132(a)(3) claims for breach of fiduciary duty against parent and subsidiary based on misrepresentations made by each); *Johnson v. Flowers Indus.*, 814 F.2d 978, 981 (4th Cir. 1987) (age discrimination claim).

14

to pierce corporate veil).  Thus, there is no merit to Plaintiff's contention that discovery should

be permitted before dismissal of her improper 1132(a)(1)(B) claims against Anthem, Inc.  *See*

*Nassau Const. Co., Inc. v. Pulte Homes, Inc.*, 2008 WL 2235609, at \*3-\*5 (D.N.J. May 29,

2008) (refusing to "'loose[n] the judicial process, and [impose] expense of discovery and

depositions' on [parent defendant] in order to permit plaintiff to attempt to find support for"

piercing corporate veil, based on only "conclusory allegations" of control by parent); *accord*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-88 (2009) (Rule 8 "does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions"). Thus, the Court should dismiss

Plaintiff's 1132(a)(1)(B) claims as to Anthem, Inc.[11]

**CONCLUSION**

For these reasons, Defendants' requested Partial Motion to Dismiss should be granted.

Respectfully submitted this 14th day of March, 2016.

**HOGAN LOVELLS US LLP**

<u>*s/ E. Desmond Hogan*</u>
E. Desmond Hogan
Miranda L. Berge
Briana L. Black
555 Thirteenth Street, NW
Washington, D.C. 20004
202.637.5493 (ph)/ 202.637.5910 (fax)
desmond.hogan@hoganlovells.com
miranda.berge@hoganlovells.com
briana.black@hoganlovells.com

Nicholas M. DeWeese
1200 Seventeenth St., Suite 1500
Denver, CO 80202
303.454.2530 (ph)/ 303.899.7333 (fax)
nicholas.deweese@hoganlovells.com

*ATTORNEYS FOR DEFENDANTS*

---

[11] Count I fails to state a claim against Anthem, Inc. for the additional reason that Anthem, Inc. is not a "carrier" subject to CRS 10-10-104, 107.7.  *See* Br. 23-24.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2016, I electronically filed the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

ZUCKERMAN SPAEDER LLP
Conor B. O'Croinin
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444
(410) 659-0436 (fax)
cocroinin@zuckerman.com

D. Brian Hufford
Jason S. Cowart
399 Park Avenue, 14th Floor
New York, NY  10022
(212) 704-9600
(212) 704-4256 (fax)
dbhufford@zuckerman.com
jcowart@zuckerman.com

THE GOLD LAW FIRM
Gregory A. Gold, #26064
Sommer D. Luther, #35053
7375 E. Orchard Road, Suite 300
Greenwood Village, CO 80111
(303) 694-4653

Meiram Bendat
PSYCH-APPEAL, INC.
8560 Sunset Boulevard, Suite 500
West Hollywood, CA  90069
(310) 598-3690 x.101
(888) 975-1957(fax)
mbendat@psych-appeal.com

*s/ E. Desmond Hogan*

16