IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02787-KLM

LAURAL O'DOWD, for herself and all others similarly situated,

    Plaintiff,

v.

ANTHEM, INC., doing business as Anthem Blue Cross and Blue Shield, and
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., doing business as
Anthem Blue Cross and Blue Shield,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on Defendants Anthem, Inc. ("Anthem") and Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield's ("Anthem Colorado") **Partial Motion to Dismiss Plaintiff's Second Amended Complaint** [#66][2] (the "Motion"). Plaintiff filed a Response [#70] and Defendants filed a Reply [#78] in further support of the Motion. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#66] is **DENIED**.

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [#21].

[2] [#66] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

## I.  BACKGROUND

**A.    Factual Background**

Plaintiff[3] asserts four claims against Defendants relating to reimbursement provided by Anthem for psychiatric care under her medical insurance policy.  In general, Plaintiff asserts that Defendant Anthem Colorado established the maximum amount that would be paid by Defendant to an out-of-network psychiatrist under her health insurance policy. This amount is referred to as the "Maximum Allowable Amount."  *Second Amended Complaint* [#53] ("SAC") ¶ 23.  Plaintiff further alleges that she paid the charges associated with her out-of-network psychiatric care that exceeded the Maximum Allowable Amount.  *Id.* Plaintiff maintains that her husband also received care from a different out-of-network psychiatrist.[4]  *Id*. ¶ 24.  Plaintiff alleges that the Maximum Allowable Amount for each of the two out-of-network doctors was not the same even though the two doctors provided the same psychiatric services, as evidenced by the Current Procedural Terminology ("CPT") codes in disclosures provided by Anthem.  *Id*. ¶¶ 28-30.  Plaintiff maintains that one of the out-of-network providers was incorrectly listed in Anthem's database as a primary care physician and that Defendant Anthem's "system of reimbursement results in different rates being applied to the same services" depending on whether those services are performed by a primary care physician or a psychiatrist.  *Id*. ¶ 32.  In short, according to Plaintiff,

---

[3]  Plaintiff brings claims on behalf of herself and others similarly situated. Because a class has not been certified, the claims are analyzed as to Plaintiff only.

[4]  Plaintiff never expressly alleges that her husband's care was covered by her insurance policy.  However, the allegations, taken as a whole, imply that Plaintiff and her husband both received care and sought coverage from Defendant Anthem under the same policy language. *See, e.g, SAC* [#53] ¶¶ 1, 10, 21, 22, 24.  In addition, Defendants do not argue that there is more than one policy at issue here.

"participants are reimbursed less for services obtained from licensed mental health professionals than for services performed by professionals who are licensed to treat physical illness, even though the latter are providing the same services[.]" *Id*. ¶ 43. "Plan participants remain financially responsible for the balance that was not reimbursed by their health insurers." *Id*.

## B.    Procedural Background

Plaintiff originally filed a complaint in state court, and Defendant Anthem Colorado removed the action to this Court on October 10, 2014. *See Notice of Removal* [#1]. Subsequently, Plaintiff filed an Amended Complaint on January 21, 2015, which asserted four claims against Defendants: (1) a claim seeking a declaratory judgment that Defendant Anthem violated Colo. Rev. Stat. §§ 10-16-704, 10-16-104, and 10-16-107.7; (2) a claim seeking injunctive relief under ERISA[5], specifically 29 U.S.C. § 1132(a)(3); (3) a claim for payment of benefits and associated interest under ERISA, specifically 29 U.S.C. § 1132(a)(1)(B); and (4) a breach of fiduciary duty claim that mentioned 29 U.S.C. §§ 1002 and 1104. *See Am. Compl.* [#27] ¶¶ 41-68. Defendant Anthem Colorado[6] then filed a Motion to Dismiss Amended Complaint in Part ("First Motion to Dismiss") [#29].

On September 30, 2016, the Court granted in part and denied in part the First Motion to Dismiss. *See Order* [#36]. Specifically, the Court denied Defendant's First Motion to Dismiss with respect to the first, second, and third claims, and granted

---

[5] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*.

[6] Defendant Anthem had not yet been served, and thus only Defendant Anthem Colorado filed the First Motion to Dismiss. *See Motion to Dismiss Amended Complaint in Part* [#29].

Defendant's First Motion to Dismiss with respect to the fourth claim. *Id.* However, the Court dismissed the fourth claim without prejudice. *Id.* at 15. Subsequently, Plaintiff moved to file a Second Amended Complaint. *See* [#51]. This motion was unopposed. *Id.* The Court granted the motion, and Plaintiff filed her Second Amended Complaint on December 1, 2015. *See SAC* [#53]. Plaintiff's Second Amended Complaint does not add any new claims, but instead adds further specificity with respect to her existing claims. Thus, Plaintiff's current claims are as follows: (1) a claim seeking a declaratory judgment that Defendants violated Colo. Rev. Stat. §§ 10-16-104(7) and 10-16-107.7; (2) a claim seeking injunctive relief under 29 U.S.C. § 1132(a)(3); (3) a claim for payment of benefits and associated interest under 29 U.S.C. § 1132(a)(1)(B); and (4) a breach of fiduciary duty claim under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). *See SAC* [#53] ¶¶ 57-87. The only substantive changes in the Second Amended Complaint are that Plaintiff's fourth claim now clarifies that it is brought under 29 U.S.C. § 1132(a), and Plaintiff's second and fourth claims now specify that they seek relief "to the extent such relief does not duplicate relief otherwise available under ERISA." *Id.* ¶¶ 69, 87. Defendants have now moved to dismiss the Second Amended Complaint. *See Motion* [#66].

## II.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to

4

weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Rule 8(a). *Iqbal*, 552 U.S. at 679 (second

5

brackets added; citation and internal quotation marks omitted).

### III.  DISCUSSION

**A.      Arguments Previously Made in the First Motion to Dismiss**

As noted above, the Court has already resolved a motion to dismiss in this case. *See Order* [#36].  Thus, because Defendants' present Motion raises many of the same arguments for dismissal as the First Motion to Dismiss, these arguments are subject to the law of the case doctrine.  "Generally, the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case."  *Been v. O.K. Indust., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007).  The policy underlying this doctrine is judicial efficiency, and the doctrine is discretionary, insofar as the Court "generally remain[s] free to reconsider [its] earlier interlocutory orders."  *Id.* at 1225. "[I]t takes 'exceptionally narrow circumstances' for the court not to follow the law of the case when the doctrine applies."   *Bishop v. Smith*, 760 F.3d 1070, 1082 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 271 (2014).

*1.      Second and Fourth Claims*.

Plaintiff's second and fourth[7] claims are brought (at least in part) under 29 U.S.C. § 1132(a)(3).  Defendants argue that Plaintiff cannot bring these claims under 1132(a)(3) "because they impermissibly duplicate her 1132(a)(1)(B) benefits claims." *Motion* [#66] at 7.  The Court previously considered and rejected this argument.  *See Order* [#36] at 7-12. After analyzing the applicable precedent and case law, the Court concluded the following:

---

[7] As noted above, Plaintiff also brings her fourth claim under 29 U.S.C. § 1132(a)(1)(B). *See SAC* [#53] ¶ 81.  Defendants' separate argument for dismissal of the 1132(a)(1)(B) portion of the fourth claim is discussed below.

In this case, Plaintiff's second claim seeks injunctive relief and surcharge and the third claim does not. The second claim seeks "an order enjoining Defendants from violating the terms and conditions of their ERISA plans and committing violations of ERISA by engaging in their practice of reimbursing mental health services below the levels authorized by the . . . plans and required by law . . . ." *Am. Compl.* [#27] ¶ 48. This claim also seeks "a surcharge to compensate her . . . for Defendants' violations." *Id.* ¶ 49. Finally, Plaintiff requests fees and costs. *Id.* ¶ 50. The third claim seeks reimbursement of benefits denied or reduced as a result of Defendant Anthem's policies regarding reimbursement for mental health services, interest, fees, and costs. *Am. Compl.* [#27] ¶¶ 59-60. Based on the above analysis, the Court cannot conclude that Plaintiff's second claim fails to state a claim as a matter of law. While Plaintiff cannot obtain duplicative *relief*, she may pursue both claims.

*Id.* at 12. First, the Court's legal conclusion continues to apply with respect to Plaintiff's second claim which is, essentially, the same in the Second Amended Complaint as in the Amended Complaint.[8] *See Second Amended Complaint Comparison Copy* [#51-2] at 26-28. Second, the Court's reasoning applies with equal force to Plaintiff's fourth claim, which is also brought under 29 U.S.C. § 1132(a)(3). Defendants have made no argument about why the analysis should be any different for this claim, which was previously dismissed without prejudice only because it appeared to the Court to be brought under common law. *See Order* [#36] at 14. Moreover, Plaintiff expressly disclaims that she is seeking duplicative relief in both of these claims. *See SAC* [#53] ¶¶ 69, 87.

Defendants' second Motion to Dismiss, which makes largely repetitive arguments, belies what Defendants actually seek in this matter: reconsideration of the Court's previous Order. Defendants essentially concede as much, but rejoin that "Defendants moving to dismiss an amended complaint are entitled to make arguments previously made and to

---

[8] Notably, Defendants never opposed the amendments themselves to Plaintiff's Second Amended Complaint on the basis that such amendments were futile. *See Motion to Amend* [#51].

raise new arguments that were previously available." *Reply* [#78] at 2.  The Court agrees. *See, e.g.*, *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.").  But that does not also mean that Defendants are entitled to prevail on such claims, or that the Court is obligated to reconsider its prior determinations.  *See Bishop*, 760 F.3d at 1082; *see also United States v. Bogart*, No. 4:12-cv-347, 2014 WL 7507260, at *1 (M.D. Pa. Dec. 8, 2014) ("[T]he law does not permit parties to do the same thing over and over again and expect different results[.]"), *report and recommendation adopted*, No. 4:12-cv-00347, 2015 WL 136389 (M.D. Pa. Jan. 8, 2015).

Thus, because Defendants have asserted no new argument for why the Court's previous conclusion should be disturbed, Defendants' Motion to Dismiss Plaintiff's second and fourth claims on the basis of duplicativeness is **denied**.

> *2.    First Claim.*

With respect to Plaintiff's first claim, Defendants argue that this claim should be dismissed to the extent "it is brought under any law other than under [29 U.S.C. §] 1132 (a)(1)(B)," because ERISA preempts state law claims.  *See Motion* [#66] at 6-7.  In the Court's previous Order, the Court considered Defendant Anthem Colorado's argument that "Plaintiff's first claim should be dismissed to the extent it is brought under any law other than 29 U.S.C. § 1132(a)(1)(B) because ERISA preempts state law."  *See Order* [#36] at 17.  As the Court noted in its prior Order, although ERISA includes a preemption provision, the statute also provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which *regulates insurance*, banking, or

securities." 29 U.S.C. § 1144(b)(2)(A) (emphasis added).  After discussing the relevant

legal standard under Tenth Circuit precedent, the Court noted that Defendant's briefing did

not provide any analysis of whether Plaintiff's claim fell within one of the causes of action[9]

identified as not being preempted by ERISA.  *Order* [#36] at 19.  The Court thus concluded

as follows:

> At this stage in the case, without more detailed analysis from the parties, the Court cannot determine that Colo. Rev. Stat. § 10-16-104 is preempted by ERISA.  Such a determination requires careful, thoughtful analysis that the parties simply have not provided.  *Cf. Shafer v. Metropolitan Life Ins. Co.*, 80 F.Supp.3d 1244, (10th Cir. 2015) (engaging in detailed analysis and ultimately holding that Colo. Rev. Stat. § 10-3-1116(3) "conflicts with ERISA's remedial scheme, in part, and thus," is preempted by ERISA).  It is not the Court's role to supply legal support for either litigant's position.  *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").   As a result, the Court **denies** the Motion [#29] to the extent it argues that claim one should be dismissed because Colo. Rev. Stat. § 10-16-104 is preempted by ERISA.

*Id.* at 19-20.  Although the Court made no legal determination regarding the first claim such

that the law of the case doctrine would apply, the Court's prior reasoning nonetheless

continues to apply here. Defendants not only make the same argument as before, but fail

---

[9]  The four causes of action which are not preempted by ERISA are identified in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999), and involve:

> (1) laws regulating the type of benefits or terms of ERISA plans; (2) laws creating reporting, disclosure, funding or vesting requirements for such plans; (3) laws providing rules for calculating the amount of benefits to be paid under such plans; and (4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans.

to even mention the authority cited by the Court or to provide any further analysis of the issue. *See Motion* [#66] at 6-7. As the Court made clear before, the Court will not supply arguments for the parties, particularly on a preemption analysis. *See, e.g.*, *David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1135 (10th Cir. 2005) ("[A]ny court forced to enter the ERISA preemption thicket sets out on a treacherous path[.]") (citation omitted). Moreover, Defendants have provided no "facts or law of a strongly convincing nature to induce the [C]ourt to reverse its prior decision," as would be required for a motion for reconsideration. *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000).

Accordingly, the Court **denies** the Motion [#66] to the extent it argues that the first claim is preempted by ERISA.

## B.    New Arguments for Dismissal

Defendants make two new arguments for dismissal of Plaintiff's claims: (1) Plaintiff has failed to sufficiently allege that Defendants were acting as fiduciaries, and hence the 29 U.S.C. § 1132(a)(3) claims fail as a matter of law; and (2) Defendant Anthem, Inc. is not a proper defendant to Plaintiff's claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). *Motion* [#66] at 18-24.

> 1.    *Whether Plaintiff has sufficiently alleged that Defendants were acting as fiduciaries.*

Defendants argue that because Plaintiff's 29 U.S.C. § 1132(a)(3) claims are premised on a purported breach of fiduciary duty, those claims fail because "they do not plausibly allege that Defendants' [sic] were acting as fiduciaries by exercising their discretion in administering Plaintiff's plan." *Id.* at 18. "Whether a party is an ERISA

10

fiduciary is a mixed question of fact and law." *Coldesina*, 407 F.3d at 1131. 29 U.S.C. §

1104(a)(1) requires that "a fiduciary shall discharge his duties with respect to a plan solely

in the interest of the participants and beneficiaries[.]" ERISA provides that a person is a

fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Generally speaking, because "ERISA does not create any

substantive entitlement to employer-provided health benefits . . . . [e]mployers or other plan

sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or

terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995).

Defendants argue that Plaintiff's allegations "regarding Defendants' development

of internal company-wide reimbursement policies are the sort of non-fiduciary 'business

decisions' that do not state a claim for fiduciary duty." *Motion* [#66] at 20. Defendants

provide little analysis to support this conclusory statement, and do not actually cite the

allegations in the Second Amended Complaint to which they refer.[10] Further, although

---

[10] The Court notes that Defendants fail throughout their briefing to cite specific portions of Plaintiff's Second Amended Complaint and consistently decline to engage in a substantive analysis of Plaintiff's allegations. For example, Defendants repeatedly qualify their arguments for dismissal with the phrase, "To the extent Plaintiff brings" or "To the extent [the claim] is not brought under . . . ," or some variation thereof. *See, e.g.*, *Motion* [#66] at 2, 3, 6, 18, 20, 21. It is apparent that Defendants are using this phrase to avoid actually interpreting or citing to Plaintiff's Second Amended Complaint, a peculiar strategy to employ in an attempt to get it dismissed. The cumulative effect of Defendants' refusal to refer to specific allegations is to shift the burden to the Court to augment Defendants' arguments by scouring Plaintiff's Second Amended Complaint for potentially applicable allegations. Such an approach is not conducive to "the just, speedy, and inexpensive determination of every action and proceeding," and is therefore discouraged by the

Defendants cite to two non-binding legal authorities, both cases are distinguishable from the present one.  Specifically, Defendants cite to *DeLuca v. Blue Cross Blue Shield of Michigan*, 628 F.3d 743 (6th Cir. 2010) and *Am. Psychiatric Assoc. v. Anthem Health Plans*, 50 F. Supp. 3d 157 (D. Conn. 2014), *aff'd sub nom. Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016).  In *DeLuca*, the Sixth Circuit affirmed a district court's determination that a defendant was not acting in its fiduciary capacity when it "negotiated . . . challenged rate changes" because the rate changes were "business dealings" that "were not directly associated with the benefits plan at issue but were generally applicable to a broad range of health-care consumers."  *DeLuca*, 628 F.3d at 747.  However, the court, in granting summary judgment for the defendant, rendered its determination in light of a developed record.  *Id.* at 745.  As for *American Psychiatric Association*, although the court granted a motion to dismiss the plaintiff's claims, it did so based on the plaintiff's concession that it was not bringing a claim for "improper denial of benefits . . . under the explicit terms [of] a plan but rather the [d]efendants' failure to comply with the federal law mandate of parity[.]" *Am. Psychiatric Assoc.*, 50 F. Supp. 3d at 170.

In contrast, Plaintiff alleges here that Defendants "violated the terms and conditions of their health plans" by charging different rates for the same services.  *SAC* [#53] ¶ 82. Thus, although the Court agrees with the *American Psychiatric Association* court that a fiduciary does not act in its fiduciary capacity when it sets reimbursement rates regarding covered services under a plan, *see id.* at 169 (citing *Curtiss-Wright Corp.*, 514 U.S. at 78), the allegation that Defendants may have done this *despite* terms of the plan that disallow

Court.  Fed. R. Civ. P. 1.

12

the setting of different rates for the same services is distinguishable.  *See Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996) (holding that "a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits **under the terms of the plan documents**.") (emphasis added).

Accordingly, because Plaintiff has sufficiently alleged that Defendants made a discretionary determination regarding her entitlement to benefits under the terms of the plan, the Court concludes that Plaintiff has sufficiently alleged that Defendants were acting in their fiduciary capacities.[11]  Defendants' Motion is therefore **denied** with respect to this argument.

2.    *Whether Plaintiff has sufficiently alleged that Anthem, Inc. is a proper defendant.*

Defendants argue that Defendant Anthem, Inc. is not a proper defendant because "the SAC [does not] allege[] that Anthem, Inc. is the 'plan,'[12] the designated 'plan administrator,' or the 'named fiduciary' of Plaintiff's plan." *Motion* [#66] at 22.  A claimant may bring an ERISA action for the recovery of benefits against the plan as an entity, the named plan administrator, or a fiduciary.  *Geddas v. United Staffing Alliance Employee Med Plan*, 469 F.3d 919, 931 (10th Cir. 2006)).  This includes "the entity which controls the

---

[11]  Because the Court concludes that Plaintiff's Second Amended Complaint sufficiently alleges a breach of fiduciary duty, the Court does not reach Defendants' secondary argument that the 29 U.S.C. § 1132(a)(3) claims fail because they are "based on state law."  *Motion* [#66] at 22. Nonetheless, there is nothing in Plaintiff's 1132(a)(3) claims that indicate that they are premised on state law, as Defendants claim.  *See generally SAC* [#53].  Instead, Defendants' argument appears to be nothing more than another attempt to persuade the Court that Plaintiff's claims "can only be brought under 1132(a)(1)(B)," *see Motion* [#66] at 20, an argument which the Court has already addressed, *see Order* [#36] at 16-20.

[12]  Defendants refer to the plan as a separate legal entity.  Under ERISA, "[a]n employee benefit plan may sue or be sued under this subchapter as an entity."  *See* 29 U.S.C. § 1132(d)(1).

13

ultimate decision to pay or not pay benefits." *Basquez v. East Central OK Elec. Co-op., Inc.*, 2008 WL 906166, at *6 (E.D. Okla. Mar.31, 2008).

Citing the language of Plaintiff's policy,[13] Defendants argue that the policy expressly designates Anthem Colorado as the plan administrator and claims fiduciary. *See Motion* [#66] at 22; *see also Anthone Decl.* [#66-1] at 53, 65. Plaintiff does not dispute this, but avers that she has sufficiently alleged that Defendant Anthem was the entity with control over the final decision to pay or not pay benefits to Plaintiff. *Response* [#70] at 21.

The Court agrees with Plaintiff. Several sister courts in the Tenth Circuit have eschewed a narrow approach that would limit 29 U.S.C. § 1132(a)(1)(B) claims to only named plan administrators. *See, e.g.*, *Basquez*, 2008 WL 906166, at *6; *Clark v. Prudential Ins. Co. of Am.*, No. CIV-09-901-D, 2010 WL 3909335, at *1 (W.D. Okla. Sept. 29, 2010). Read in a light favorable to Plaintiff, the Second Amended Complaint sufficiently alleges that Defendant Anthem exerted significant control over the reimbursement decisions giving rise to this action. For example, Plaintiff alleges that Anthem "sets policies across its subsidiaries, including coverage policies" and "employs Samuel R. Nussbaum, M.D." who "is in charge of developing these policies." *SAC* [#53] ¶¶ 4, 5. Plaintiffs further cite specific communications from Defendant Anthem that purport to claim that Anthem "adopted its reimbursement methodology as a firm policy[.]" *Id.* ¶ 47.

---

[13] Although Plaintiff's policy is not included with her Second Amended Complaint, Defendants attach a purported copy of Plaintiff's policy in support of their Motion to Dismiss. *See Anthone Decl.* [#66-1] at Ex. 1. The policy is appropriately considered on Defendants' Motion to Dismiss because the policy is both central to Plaintiff's claims and cited throughout Plaintiff's Second Amended Complaint. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (documents central to a claim and referred to in a plaintiff's complaint may be considered on a Rule 12(b)(6) motion to dismiss without converting to a Rule 56 motion for summary judgment).).

Although Defendants are correct to note that "[d]isregarding the corporate form is a drastic remedy" and that Plaintiff ultimately faces a significant burden in proving her claim, to dismiss the claim on this basis would be to confuse the pleading stage of litigation with the proof stage. *See Reply* [#78] at 14 (quoting *Skidmore, Owings & Merrill v. Canada Life Assur. Co.*, 907 F.2d 1026, 1027 (10th Cir. 1990)).

As such, the Court concludes that Plaintiff has sufficiently alleged that Defendant Anthem, Inc. "control[led] the ultimate decision to pay or not pay benefits." *Basquez*, 2008 WL 906166, at *6. Accordingly, the Motion is **denied** with respect to this argument.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#66] is **DENIED**.

Dated:  September 23, 2016          BY THE COURT:

Kristen L. Mix
United States Magistrate Judge